In the Matter of the LAWYERS MORTGAGE COMPANY.
(136 West 168th Street, Borough of Bronx, City of New York.)
Supreme Court, Additional Special Term, Bronx County, October 22, 1937.

*Smith, Chambers & Clare,* for Felix A. Muldoon, Karl Propper and John K. Wallace, trustees.

*Maurice Finkelstein,* for the Mortgage Commission of the State of New York.

McGeehan, J. This is a proceeding for the approval of the account of the three trustees appointed by this court to administer the above certificate issue under a plan of reorganization promulgated under the provisions of chapter 19 of the Laws of 1935, as amended, commonly known as the Mortgage Commission Act. The account covers the operations of the trustees for the first year of their administration. No objection has been made to the account. The trustees' administration appears to have been efficient and economical, and the account will be approved.

Another question arises, however, by reason of an application by the Mortgage Commission of the State of New York for an allowance for services rendered on this accounting. By chapter 708 of the Laws of 1937 the Mortgage Commission Act (Laws of 1935, chap. 19) was amended by adding thereto new section 14-a, providing for annual accountings by trustees appointed or elected pursuant to the provisions of the Schackno Act (Laws of 1933, chap. 745), or the Mortgage Commission Act. The statute requires that at least twenty days' notice by mail of the time when the court will pass upon the account shall be given to the Mortgage Commission of the State of New York and to all certificate holders and other persons entitled to share in the trust. It further provides for the filing of objections to the account and hearing thereon by the court or by referee and the surcharge of the trustees with any improper, wasteful or improvident expenditures. As said above, no objections have been filed to the account in this proceeding and none was offered on the return day. The Mortgage Commission, however, has filed a report with the court to the effect that the account of the trustees is in all respects true and accurate and that the Commission recommends that the account be settled and approved. Counsel for the Commission has made an application for an allowance for the services rendered

in examining the account and the records of the trustees and in the preparation and submission of that report.

The Commission says in its application for an allowance that section 14-a has imposed an additional burden upon it and, as a consequence thereof, it is entitled to be paid out of the issue under the provisions of section 24 of the Mortgage Commission Act (as amd. by Laws of 1936, chap. 729, § 1). Notice may well be required to be given to the Commission as a party interested in the account because of transactions had between the Commission and the trustees and possible unpaid disbursements and charges of the Commission arising during the time the mortgage issue in question was under its administration. If the Legislature intended to impose any further duty upon the Commission is was peculiarly silent on provisions defining its duty and authority.

However, the question at issue is not so much the duty of the Commission under the statute but whether it can or should be paid for any services rendered on these accountings through the medium of an allowance granted by the court payable out of the mortgage issue. This court does not construe the statute as making such an allowance mandatory. Notice served upon a public officer or agency as required by law does not *per se* entitle that public officer or agency to compensation out of the estate involved in the litigation. The only provisions in the Mortgage Commission Act authorizing an allowance by the court to the Commission payable out of mortgage certificate issue are contained in section 24 of that act. While that section provides that applications for such an allowance may be made both before and after the particular mortgage issue has passed from the administration of the Commission, it appears obvious that the section refers to services rendered by the Commission while the mortgage issue was within its control. That the Legislature did not intend that the Mortgage Commission should be compensated for any services rendered by it on trustees' accountings under the provisions of section 24 is apparent in view of the fact that compensation under section 24 is limited to " any property, bond or mortgage, or group thereof, which * * * is or was under the jurisdiction of the Commission;" whereas, the requirement in section 14-a for notice to the Commission on trustees' accountings applies to all issues in which trustees have been appointed or elected pursuant to the Schackno Act or the Mortgage Commission Act, whether such issues were at any time under the jurisdiction of the Commission or not.

The Commission has taken occasion in its memorandum in support of its application to recognize the safeguards set up by

this court in connection with its system of trustee administration. When the rehabilitation of these mortgage certificate issues came before it, this court, primarily concerned with the welfare of certificate holders and desirous of protecting their interests at a minimum cost to them, appointed three trustees to administer a number of mortgage certificate issues jointly instead of providing a different trustee for each issue. It chose those trustees after careful consideration. The court now derives great comfort from the results obtained and the efficiency and economy with which these issues have been administered. While the court has inherent power to grant compensation for services rendered which are of material value to the estate involved, such allowances are entirely discretionary. Each matter must be passed upon separately, and while, as in this proceeding, the value is negligible, this court will decline to add to the expense of the certificate holders by granting an allowance. This court will continue its policy of keeping expenses in these issues to a minimum. No addition to those expenses will be permitted for the rendition of services unless the court is convinced that certificate holders will derive a real benefit therefrom. If objections to an account are filed and they are of such nature that the court cannot dispose of them without assistance it will see that they are referred for report to some one who can do so as part of his official duties at no expense to certificate holders.

The application of the Mortgage Commission will be denied. Submit order.